IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK COMBS | : | CIVIL ACTION |
| v. | : | |
| COMMONWEALTH OF PENNA., *et al.* | : | NO. 12-5336 |

**REPORT AND RECOMMENDATION**

CAROL SANDRA MOORE WELLS
CHEF UNITED STATES MAGISTRATE JUDGE                              March 20, 2014

      Presently before the court is a Petition for a Writ of Habeas Corpus filed by Jack Combs ("Petitioner"), *pro se*, pursuant to 28 U.S.C. § 2254.  Petitioner is a state prisoner serving a life term of incarceration at the State Correctional Institution-Frackville in Frackville, Pennsylvania. Petitioner seeks habeas relief based on a claim that his conviction for conspiracy to commit third degree murder is not permissible under Pennsylvania law, hence, that conviction violates due process.  The Honorable Timothy J. Savage referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that the habeas petition be DISMISSED.

### I.   FACTUAL AND PROCEDURAL HISTORY[1]

      Petitioner is challenging his April 12, 1991 bench-trial conviction in the Court of Common Pleas for Philadelphia County.  Pet. at 1.  He was convicted of third degree murder, conspiracy, possessing an instrument of crime and a firearms offense.  *Id.*  On July 9, 1992, Petitioner was sentenced to an aggregate term of incarceration of eight (8) to sixteen (16) years for these offenses, which were to be served concurrently with a June 30, 1992 life sentence imposed on Petitioner for an unrelated third degree murder conviction.  Resp. at 1-2 & n.1.

---

[1] The facts set forth in this background and procedural history were gleaned from Petitioner's original habeas corpus petition (Document No.1) ("Pet.") and the Commonwealth's Response thereto (Document No. 16) ("Resp.").

Petitioner appealed and, on September 28, 1993, the Pennsylvania Superior Court affirmed the judgment of sentence.  Resp. at 2.  On March 28, 1994, the Pennsylvania Supreme Court denied allowance of appeal ("*allocatur*").  *Id.*  Petitioner did not seek *certiorari* in the U.S. Supreme Court.  *Id.*

On December 12, 1996, Petitioner sought state collateral relief under the Post Conviction Relief Act, ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46.  Resp. at 2.  The PCRA petition was dismissed on February 8, 1999.  *Id.*  On December 6, 1999, the Superior Court affirmed and, April 28, 2000, the Supreme Court denied *allocatur*.  *Id.*  Petitioner did not seek *certiorari* in the U.S. Supreme Court.

Petitioner filed this habeas petition on September 18, 2012.[2]  He concedes herein that, during February 2006, he completed the eight (8) to sixteen (16) year sentenced imposed on him for his April 1991 third degree murder conviction.  Pet. at 1.  However, Petitioner is currently serving a life sentence imposed upon him for a second, unrelated third degree murder conviction.  Pet. at 4.  Under Pennsylvania law, if a defendant has a prior third degree murder conviction, any subsequent and distinct third degree murder conviction must carry the sentence of life imprisonment, rather than a maximum term of forty (40) years.  Pet. at 4 (citing Pa. Cons. Stat. Ann. § 9715(a)).  Petitioner claims that his April 1991 conviction for third degree murder violates due process, because Pennsylvania law does not allow a person to be convicted of conspiracy to commit third degree murder.  Pet. at 5-9.  Petitioner notes that, if his April 1991 conviction is vacated *via* habeas, he is eligible to be re-sentenced to a term of years, instead of

---

[2]The Clerk of Court docketed this habeas corpus petition on September 18, 2012.  Petitioner is a *pro se* inmate, hence, his petition would be deemed filed on the date he gave it to prison officials for mailing.  *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).  However, Petitioner indicated neither the date he signed his habeas petition nor the date he provided it to prison officials for mailing.  *See* Pet. at 9.  Hence, this court must use September 18, 2012 as the filing date.

life, on his unrelated third degree murder conviction.  Pet. at 4 (citing 42 Pa. Cons. Stat. Ann. § 9715(b)).

The Commonwealth concedes that Petitioner's April 1991 third degree murder conviction is the reason he received a life sentence for his second, unrelated third degree murder conviction. Resp. at 2 n.1 (citing Pa. Cons. Stat. Ann. § 9715(a)).  However, it maintains that the habeas petition is time-barred.  *Id.* at 3-5.  This court concludes that Petitioner cannot obtain habeas relief based upon the claim he raises.

## II. DISCUSSION

In order to obtain habeas relief, Petitioner must demonstrate that he is "in custody," pursuant to the state court judgment he is challenging.  *See Lackawanna Cnty. Dist. Att'y. v. Coss*, 532 U.S. 394, 401 (2001) (citing 28 U.S.C. § 2254(a)).  Petitioner admits that, before filing this habeas petition, he had already fully served the sentence imposed for his April 1991 third degree murder conviction.  Pet. at 1.  Hence, he is not "in custody," based upon that conviction. *See Coss*, 532 U.S. at 401 (citing *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (*per curiam*)). However, inasmuch as the April 1991 conviction caused the life sentence Petitioner is now serving, he satisfies the "in custody" requirement with respect to the life sentence.  *Id.*

Petitioner can no longer directly or collaterally challenge his April 1991 conviction in state court; therefore, he may not challenge it in habeas corpus *via* a challenge to a sentence that was enhanced by reason of the April 1991 conviction.  *Coss*, 532 U.S. at 403-04.  Petitioner has already completed, albeit unsuccessfully, both a direct appeal and a PCRA collateral attack.  *See supra* Section I.  Further, he cannot pursue another PCRA petition, because the time to do so expired on January 17, 1997.[3]  Hence, the only viable habeas claim available to Petitioner would

---

[3]The PCRA statute of limitations was enacted on November 17, 1995 and was to be effective 60 days later, on January 17, 1996.  *See* 42 Pa. Cons. Stat. Ann. § 9545.  Inmates whose convictions became final before the effective

3

be that his April 1991 conviction was obtained in violation of his Sixth Amendment right to counsel, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963).  *See Coss*, 532 U.S. at 404. However, Petitioner does not raise a *Gideon* claim.  Therefore, he does not raise a cognizable claim.  *Coss*, 532 U.S. at 403-04.

### III.   CONCLUSION

Petitioner's sole claim is not cognizable.  Reasonable jurists would not debate this court's procedural disposition of his claim; therefore a certificate of appealability should not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, I make the following:

### RECOMMENDATION

**AND NOW**, this 20th day of March, 2014, for the reasons contained in the preceding Report, it is hereby **RECOMMENDED** that Petitioner's claim be **DISMISSED**, without an evidentiary hearing.  Petitioner has neither demonstrated that any reasonable jurist could find this court's ruling debatable, nor shown denial of any federal constitutional right; hence, there is no probable cause to issue a certificate of appealabilty.

Petitioner may file objections to this Report and Recommendation within fourteen (14) days of being served with a copy of it.  *See* Local R. Civ. P. 72.1(IV).  Failure to file timely objections may constitute a waiver of any appellate rights.

It be so **ORDERED**.

          */s/ Carol Sandra Moore Wells*
          CAROL SANDRA MOORE WELLS
          Chief United States Magistrate Judge

---

date of the amended statute, would have one year from the effective date to file a timely PCRA petition.  *See id.*, Historical and Statutory Notes.  Petitioner's conviction became final in 1994, *see supra* Section I, 42 Pa. Cons. Stat. Ann. § 9545(b)(3).  Hence, he had until January 17, 1997 to file a timely PCRA petition.